IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EMERIO TALAVERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN BALDWIN, IDOC Director, )<br>and LEO P. SCHMITZ, Director of )<br>Illinois State Police, )<br>)<br>Defendants. ) | Case No. 18-3125 |

OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Emerio Talavera filed a complaint pursuant to 42 U.S.C. § 1983, seeking the termination and expungement of any registration requirement under the Murderer and Violent Offender Against Youth Registration Act upon his release from prison.

Pending are the Plaintiff's motions for a preliminary injunction and the Defendants' motion to dismiss.

I.  BACKGROUND

Plaintiff Emerio Talavera committed first degree murder on May 28, 1998. At the time of the murder, the Plaintiff was sixteen and the victim was 22. The Plaintiff was released from prison on May 17, 2018.

1

The Plaintiff alleges he was incorrectly required to register pursuant to the Murderer and Violent Offender Against Youth Registration Act ("Murderer Registration Act"), 730 ILCS 154/1 *et seq.*, upon his release from prison on May 17, 2018. The Plaintiff alleges the registration requirement as to him is: (1) an *ex post facto* violation; (2) a violation of the double jeopardy clause of the Constitution; and (3) a violation of the right to equal protection under the Fourteenth Amendment.

Defendants John Baldwin, Director of the Illinois Department of Corrections, and Leo Schmitz, Director of the Illinois State Police, move to dismiss the Plaintiff's Complaint because: (1) the plain language of the statute requires the Plaintiff to register; (2) the Plaintiff's complaint fails to state an equal protection claim; (3) the registration and notice requirements of the Murderer and Violent Offender Against Youth Act are not punitive and do not violate the *ex post facto* clauses of either the state or federal constitutions or the double jeopardy clause; and (4) Plaintiff's claims for money damages against the Directors fail to state a clam and are barred by the doctrine of sovereign immunity.

In addition to filing a motion for a preliminary injunction, the Plaintiff has filed a response to the Defendants' motion to dismiss.

## II. DISCUSSION

A. <u>Legal standard</u>

At this stage, the Court accepts as true all the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.*

However, the claim need not be probable: a well-pleaded complaint may go forward even if the judge believes the plaintiff is unlikely to prove the facts alleged and the chance of recovery is very remote. *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) "To meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Id.*

B. Registration requirement

The Murderer Registration Act, effective January 1, 2012, sets forth registration requirements for individuals convicted of first degree murder of an adult, as follows:

> A person who is convicted or adjudicated delinquent of first degree murder of an adult shall be required to register for a period

3

of ten years after conviction or adjudication if not confined to a penal institution, hospital, or any other institution or facility, and if confined, for a period of ten years after parole, discharge, or release from any such facility.

730 ILCS 154/5(c-6). For the purposes of 154/5, first degree murder of an adult "means first degree murder under Section 9-1 of the Criminal Code of 1961 or the Criminal Code of 2012 when the victim was a person 18 years of age or older at the time of the commission of the offense." 730 ILCS 154/5(b-5).

In his complaint, the Plaintiff states he was convicted of first degree murder of an individual 22 years of age pursuant to 720 ILCS 5/9-1(a)(1). Because the Plaintiff was convicted of first degree murder of an adult as defined by the Murder Registration Act, the Plaintiff is required to register under the Act for ten years after his release from prison.

The Plaintiff cites the following language in alleging he is not required to register: "Registration of juveniles upon attaining 17 years age shall not extend the original registration of 10 years from the date of conviction." *See* Doc. No. 1, at 4 (quoting 730 ILCS 154/5(a)). However, that provision applies to individuals adjudicated delinquent and those convicted of a violent offense against youth:

> For the purposes of this Section, "convicted" shall have the same meaning as "adjudicated." For the purposes of this Act, a person who is defined as a violent offender against youth as a result of having been adjudicated a juvenile delinquent under paragraph (2) of this subsection (a) upon attaining 17 years of age shall be considered as having committed the violent offense against youth on or after the 17th birthday of the violent offender against youth.

Registration of juveniles upon attaining 17 years of age shall not extend the original registration of 10 years from the date of conviction.

730 ILCS 154/5(a). Paragraph (2) of subsection (a) states, in relevant part, as follows:

(a) As used in this Act, "violent offender against youth" means any person who is:

. . .

(2) adjudicated a juvenile delinquent as the result of committing or attempting to commit an act which, if committed by an adult, would constitute any of the offenses specified in subsection (b) or (c-5) of this Section.

730 ILCS 154/5(a), (a)(2). Subsection (b) defines a "violent offense against youth[,]" and (c-5) requires a person who is convicted of the first degree murder of a person under 18 years of age to register.

The Plaintiff here was neither adjudicated delinquent nor convicted of a violent offense against youth. He was convicted of first degree murder of an adult. Accordingly, the subsection applicable to the Plaintiff is not subsection (a) but subsection (c-6), which requires him to register. 730 ILCS 154/5(c-6).

C. Equal protection claims

The Defendants contend the Plaintiff's equal protection claim fails as a matter of law. "A person bringing an action under the Equal Protection Clause must show

intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995).

The Plaintiff has not alleged that Defendants acted for a discriminatory purpose or with discriminatory intent. He does not claim he was part of an identifiable group that was subject to an adverse action because of his inclusion in that group. The Plaintiff does allege he was treated differently than another individual—Robert Garite, identified in *People v. Evans*, 405 Ill.App.3d 1005 (Nov. 23, 2010). However, the Plaintiff is not similarly situated to Garite.

The Murderer Registration Act is a successor to the Child Murderer and Violent Offender Against Youth Registration ("Child Murderer Registration Act") which was amended, effective January 1, 2012, to include a registration requirement for individuals convicted of first degree murder of an adult, 730 ILCS 154/5(c-6). This amendment also resulted in the name of the Child Murder Registration Act changing to the Murder Registration Act, a title it now retains.

The Plaintiff was released from prison after the Child Murder Registration Act was amended to include the registration requirement in subsection (c-6). The case in which Garite appears was decided in 2010, prior to the amendment. Consequently, Garite could not have been subject to subsection (c-6) because it had not yet been enacted. Additionally, at the age of 15, Garite was convicted of the

shooting murder of an individual who was 15. Garite was not convicted of first degree murder of an adult. Therefore, Garite and the Plaintiff would not have been subject to the same provisions of the Act and they are not similarly situated. Accordingly, the Plaintiff's equal protection claims fail as a matter of law.

To the extent the Plaintiff is attempting to allege a "class of one" equal protection claim, he must show that only "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004). A "class of one" plaintiff has the burden of showing "he has suffered intentional, irrational, and arbitrary discrimination." *Id*. The Court concludes that Plaintiff is unable to meet this burden. Therefore, the Plaintiff's complaint fails to state an equal protection claim.

### D. Requirement as *ex post facto* violation

The Defendants contend the requirement that Plaintiff register under the Act is not an *ex post facto* violation. The United States Constitution prohibits the enactment of any law "which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that than prescribed." *Inglese v. United States Parole Com'n*, 768 F.2d 932, 934 (7th Cir. 1985). A civil sanction implicates the *Ex Post Facto* Clause of the Constitution "only if it can be fairly characterized as punishment." *Bae v. Shalala*, 44 F.3d 489,

492 (7th Cir. 1995). A civil regulatory scheme that is not punitive in nature does not raise *ex post facto* concerns. *See Vasquez v. Foxx*, 895 F.3d 515, 520 (7th Cir. 2018).

The Plaintiff here has not pleaded any facts suggesting the legislative intent of the Murderer Registration Act was punitive in nature. There are no allegations suggesting the statute had a punitive effect on the Plaintiff or any other person.

Even if the Plaintiff's complaint did properly allege an *ex post facto* violation, the claim still fails on the merits. The Child Murderer Registration Act was amended to include a registration requirement for individuals convicted of first degree murder of an adult and was renamed the Murderer and Violent Offender Against Youth Registration Act. The obvious intent of the statute was to protect the public. Subsection (c-6) does not change the actual notice and registration requirements, but merely expands the number of persons to whom the registration requirement applies. The Court concludes that the Murderer Registration Act, as an extension of the Child Murderer Registration Act, is nonpunitive and was enacted by the Illinois legislature for the same purpose of protecting the public and not for the purpose of punishing individuals who commit first degree murder.

Based on the foregoing, the Court concludes the Plaintiff's allegation that the requirement he register under the Murderer Registration Act does not state a claim as an *ex post facto* violation.

E. Double jeopardy clause

8

The Defendant contends the Plaintiff's complaint does not state a claim for a violation of the double jeopardy clause. The double jeopardy clause of the First Amendment precludes "multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997). A civil, non-punitive notification scheme such as a sex offender registry is not a criminal punishment that violates the double jeopardy clause. *See Steward v. Folz*, 190 F. App'x 476, 479 (7th Cir. 2006). Similarly, the registration requirement of the Murderer Registration Act is not punitive and, therefore, does not violate the prohibition against double jeopardy.

Accordingly, the Plaintiff's complaint fails to state a claim for a double jeopardy violation.

F. Individual capacity claims

The Defendants contend the Plaintiff's individual capacity claims under § 1983 fail to state a claim. A § 1983 claim must be based on personal liability and predicated upon fault. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Because the individual must cause or participate in the constitutional deprivation, a § 1983 claim cannot be based upon a *respondeat theory* of liability. *See id*.

In his complaint, the Plaintiff alleges that the individual Defendants are Directors of the Illinois State Police and Illinois Department of Corrections and are generally "in charge of producing and maintaining candidates placed on the State of Illinois Murderer and Violence Against Youth (MVAY) registry." *See* Doc. No. 1,

at 4. The allegations suggest only liability on the basis of *respondeat theory*. The Plaintiff does not assert that Defendants were personally involved in the alleged deprivation of the Plaintiff's constitutional rights. No allegations in the complaint establish the requisite causal connection between the Defendants and the alleged constitutional deprivations.

Accordingly, the Court concludes that Plaintiff's § 1983 claims against the Defendants in their individual capacities must be dismissed.

### G. Official capacity claims for money damages

The Defendants contend the Plaintiff's claims against Defendants in their official capacities for money damages fail to state a claim and are barred by the doctrine of sovereign immunity. A claim for money damages against Defendants in their official capacities is a suit against the State and is barred by the Eleventh Amendment and the doctrine of sovereign immunity. *See Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000).

The Plaintiff names the Defendants in his claim for money damages. However, the Defendants in their official capacities cannot be sued for money damages. The Court concludes, therefore, that Plaintiff's claims are barred by the doctrine of sovereign immunity and must be dismissed for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, the Court concludes that each of the Plaintiff's claims

must be dismissed.  The Plaintiff's motion for a preliminary injunction will also be denied.

Ergo, the Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [d/e 25] is ALLOWED.

The Plaintiff's motion for a preliminary injunction [d/e 5] is DENIED.

The Plaintiff's motion for urgency in preliminary injunction [d/e 8] is DISMISSED as moot.

The Clerk will enter Judgment and terminate this case.

ENTER: January 23, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge